# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:17-CV-049-MOC-DCK

| | |
|---|---|
| **CHRISTOPHER MARLIN HAYNES** | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 9) and "Defendant's Motion For Summary Judgment" (Document No. 11). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be granted;" that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I.  BACKGROUND

Christopher Marlin Haynes ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). In or about April 2012, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability

to work due to a disabling condition beginning September 24, 2010.[1]  (Administrative Transcript ("Tr.") 54, 363, 370).  The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on September 27, 2012, and again after reconsideration on or about November 28, 2012.  (Tr. 54, 241, 258, 266).  In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.  You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.  We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work.  Based on your age, education, and past work experience, you can do other work.  It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 258).

Plaintiff filed a timely written request for a hearing on January 25, 2013.  (Tr. 54, 276).  On October 16, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge Alice Jordan (the "ALJ").  (Tr. 54, 76-138).  In addition, Leanna Hollenbeck, a vocational expert ("VE"), and James Toms, Plaintiff's attorney's legal assistant, appeared at the hearing.  Id.

The ALJ issued an unfavorable decision on February 6, 2015, denying Plaintiff's claim.  (Tr. 51-70).  On April 8, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 13, 2016.  (Tr. 8, 24).  The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request.  (Tr. 8).

---

[1] Plaintiff previously filed applications for disability that were denied.  (Tr. 54, 139-151, 156).  Those denials were ultimately affirmed by this Court.  See Haynes v. Astrue, 2:12-CV-004-MR-DLH (Document No. 15) (W.D.N.C. Oct. 22, 2013).

2

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 16, 2017. (Document No. 1). On March 1, 2017, the undersigned was assigned to this case as the referral Magistrate Judge. The Honorable Max O. Cogburn, Jr. was assigned to this matter as the presiding District Judge on September 1, 2017.

Plaintiff's "Motion For Summary Judgment" (Document No. 9) and the "Brief Of Plaintiff" (Document No. 10) were filed June 26, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 11) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 12) were filed August 22, 2017.

Plaintiff declined to file a reply brief, and the time to do so lapsed. See Local Rule 7.2 (e). However, Plaintiff did file, with leave of the Court, a "Supplemental Brief" (Document No. 16) on December 22, 2017. See (Document Nos. 14 and 15). Defendant then filed a "Supplemental Memorandum Of Law In Further Support Of Defendant's Motion For Summary Judgment" (Document No. 17) on January 12, 2018.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to Judge Cogburn is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

3

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.   DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 24, 2010, and the date of her decision.[2] (Tr. 55). To establish entitlement to benefits, Plaintiff has the burden of proving

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

    (4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

    (5)    whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 68-70).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since September 24, 2010, his alleged disability onset date. (Tr. 57). At the second step, the ALJ found that degenerative disc disease, spondylisthesis, osteoarthrosis, depression, anxiety, bipolar,

5

manic depressive disorder, and personality disorder were severe impairments.[3] (Tr. 57). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. Id.

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> lifting and/or carrying 10 pounds frequently and 20 pounds occasionally; sitting/standing/walking/ six hours in an eight-hour day; never climbing ladders/ropes/scaffolds; occasionally climbing ramps and stairs, stooping, crouching and crawling; frequently balancing; and performing unskilled work with occasional interaction with the public; and frequent interaction with co-workers.

(Tr. 58). In making her finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a carpenter or janitor. (Tr. 68). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 68-69). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a laundry worker, a bench assembler, a nut and bolt assembler, a taper, and an ink printer. (Tr. 69). Therefore, the ALJ concluded that

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a de minimis test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between September 24, 2010, and the date of her decision, February 6, 2015. (Tr. 69-70).

Plaintiff on appeal to this Court, assigns error to the "evaluation of the vocational expert's testimony," and in doing so, contends that the ALJ has violated the standard set out in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015). <u>See</u> (Document No. 10, pp.7, 9, 14-16). The undersigned agrees that the ALJ's decision is not consistent with <u>Mascio</u> and that the case should be remanded.[4] In fact, the undersigned is surprised the parties were unable to agree on remand long ago, or to at least better focus their arguments on the implications of <u>Mascio</u>.

**Applicability of <u>Mascio v. Colvin</u>**

The ALJ in this case, as well as in her previous decision regarding this Plaintiff, found that Plaintiff had moderate difficulties with concentration, persistence, or pace. (Tr. 59, 145); <u>see also</u> (Tr. 66). The ALJ then made an RFC determination limiting Plaintiff to "performing unskilled work with occasional interaction with the public; and frequent interaction with co-workers." (Tr. 58).

The ALJ opined that Plaintiff's bipolar disorder and manic depressive disorder "caused **significant limitations** in his ability to perform work-related activities." (Tr. 58) (emphasis added). Later, the ALJ noted that Plaintiff's allegations of bipolar, anxiety, depression and PTSD were credible. (Tr. 66). The ALJ further noted that Plaintiff's activities of daily living showed that he "has difficulty getting along with others, difficulty concentrating, handling stress, and completing tasks." (Tr. 67).

---

[4] Notably, the ALJ issued her decision about a month before the <u>Mascio</u> decision was published on March 18, 2015, and as such, she lacked the benefit of <u>Mascio's</u> guidance. In contrast, counsel for the parties should have been very familiar with <u>Mascio</u>, and subsequent decisions from this Court applying <u>Mascio</u>, since well before this case was filed on March 16, 2017.

Despite these findings, the ALJ asserted that she "accounted for the claimant's mental impairments by limiting him to unskilled, simple, repetitive tasks." (Tr. 59); see also (Tr. 67). However, the RFC only limits Plaintiff to "unskilled work," and says nothing about his ability to stay on task.[5] (Tr. 58). Contrary to the ALJ's assertion, and Defendant's arguments, the undersigned cannot find that the ALJ actually accounted for Plaintiff's "significant limitations in his ability to perform work-related activities." (Tr. 58). While acknowledging Plaintiff's significant mental limitations, it appears that the ALJ failed to explain these limitations to the VE, or in her decision. The lack of an explanation frustrates meaningful review. At most, the ALJ's decision found Plaintiff was limited to "unskilled, simple, repetitive tasks" – without addressing his ability to stay on task. (Tr. 59). Therefore, the undersigned is not persuaded that the ALJ adequately accounted for Plaintiff's moderate limitations in concentration, persistence, or pace.

Pursuant to Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), the limitation to simple, routine, repetitive tasks, without more explanation for how Plaintiff's limitations affect his ability to work, is not adequate. (Tr. 58). In Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks **or unskilled work**." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, **the ability to perform simple tasks differs from the ability to stay on task**. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638. (Emphasis added).

---

[5] As noted elsewhere, the RFC actually only limits Plaintiff to "unskilled work" and does not mention "simple, repetitive tasks." (Tr. 58).

Here, the ALJ's hypothetical to the VE limited Plaintiff to "the unskilled level," but did not otherwise appear to address Plaintiff's mental limitations or his ability to stay on task and to work for a full workday. See (Tr. 132-137). To the extent the ALJ here also limited Plaintiff's interaction with the public and co-workers, the undersigned is not persuaded that such additional RFC restriction sufficiently addresses Plaintiff's limitations with concentration, persistence, or pace.

Defendant argues that the ALJ "included in the decision the appropriate discussion of Mr. Haynes's moderate difficulties in concentration, persistence, or pace (including the ability to remain on task)." (Document No. 12, p.18) (citing Tr. 58-68). After reviewing the ALJ decision, the undersigned respectfully disagrees that it includes the discussion Defendant contends it includes.

Defendant also argues that the ALJ satisfied Mascio because she limited Plaintiff to "occasional contact or interactions with the public; frequent interaction with co-workers." Id. Defendant contends this was sufficient, apparently relying on Horning v. Colvin, No. 3:14-CV-722-RJC, 2016 WL 1123103, at *4 (W.D.N.C. Mar. 21, 2016), where an ALJ "accounted for Plaintiff's moderate mental limitations in the RFC determination," by limiting the plaintiff to simple, routine tasks of unskilled work, "performed at a non-production pace, with little interaction with co-workers." Id. An important distinction between this case and Horning is that the ALJ here did not limit Plaintiff to "a non-production pace," or otherwise address his pace or ability to stay on task. A recent decision by Judge Cogburn is instructive here:

> the court finds, however, that the ALJ properly accounted for plaintiff's ability to stay on task in his mental RFC analysis. Specifically, the ALJ explained that despite plaintiff's mental impairments, which cause moderate difficulties in concentration, persistence, or pace, plaintiff was capable of simple, routine, repetitive tasks **so long as they do not require the type of**

9

> **"production-rate" pace** that would be required in assembly-line work. (Tr. 20). In doing so, **the ALJ has included a limitation that accounts for the pace of work**, and by extension difficulties in concentration, persistence, and pace. See Sizemore v. Berryhill, 2017 WL 6374237, at *5 (4th Cir. 2017) (holding that Mascio does not require remand where an ALJ found that a claimant "would nonetheless be able to say on task while performing 'simple one, two-step tasks,' as long as he was 'working in low stress **non-production jobs** with no public contact' "); Michaels v. Colvin, 2016 WL 8710975 (W.D.N.C. 2016), aff'd, 2017 WL 4176228 (4th Cir. 2017) (unpublished) ("Consistent with Mascio, the ALJ limited the RFC not only to simple routine repetitive tasks but also to 'work at a **nonproduction pace** rate'").

Martinez v. Berryhill, 3:17-CV-186-MOC, 2018 WL 709971, at *4 (W.D.N.C. Feb. 5, 2018) (emphasis added). Based on Martinez, and other decisions issued by this Court, it would have been helpful if the ALJ had specifically identified any limitation in the pace of work Plaintiff is capable of accommodating.

In short, the undersigned finds Plaintiff's position on this issue to be more persuasive. (Document No. 9). As noted above, the ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review. While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017) and Oates v. Berryhill, 3:16-CV-726-DCK, 2017 WL 3687926 (W.D.N.C. Aug. 24, 2017).

## IV.  CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards.  As such, the undersigned will recommend that the Commissioner's decision be vacated and that this matter be remanded for further consideration.  On remand, an ALJ should review Plaintiff's alleged errors and properly account for limitations in concentration, persistence and/or pace, in accordance with Mascio.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 9) be **GRANTED**, to the extent he seeks "remand for further development of the claim, due to the Mascio violations;"  "Defendant's Motion For Summary Judgment" (Document No. 11) be **DENIED**;  and the Commissioner's determination be **VACATED**.

## VI.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 14, 2018

David C. Keesler
United States Magistrate Judge